**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CRIMINAL NO. SA-17-CR-381-DAE-1 |
| | * | |
| Plaintiff, | * | |
| | * | UNITED STATES DISTRICT JUDGE |
| v. | * | DAVID ALAN EZRA |
| | * | |
| CARLOS I. URESTI (1); and | * | MAGISTRATE JUDGE |
| GARY L. CAIN (2) | * | HENRY J. BEMPORAD |
| | * | |
| Defendants. | * | |
| | * | |

## DEFENDANT CARLOS I. URESTI'S MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33

TO THE HONORABLE DAVID ALAN EZRA, SENIOR UNITED STATES DISTRICT

JUDGE:

Now comes Defendant Carlos I. Uresti, by and through his undersigned counsel, and files this Rule 33 Motion for New Trial.

## SUMMARY OF MOTION

Carlos Uresti, through undersigned counsel, respectfully moves this Court, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, for a new trial because (1) the jury considered a standard less than what was required by law; (2) the Court made certain comments - which were made outside the presence of the jury, but before the public and press – were highly published and were of such a highly prejudicial nature as to have likely biased the jury; (3) the erroneous disqualification of Carlos Uresti's initial counsel requires a new trial or appellate reversal; (4) Charge error in re Count 22 created an unjust burden of proof upon the Defendant; and (5) Charge

1

error in re Count 11 failed to assign the Government its burden of proof to demonstrate that the funds received by Mr. Uresti were "tainted".

## 1.   <u>APPLICABLE LEGAL STANDARD</u>

Federal Rule of Criminal Procedure Rule 33 provides that "… the court may vacate any judgment and grant a new trial if the interest of justice so requires." A district court's decision to grant or deny a motion for new trial pursuant to Rule 33 is reviewed for an abuse of discretion. *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997). The standard is by definition deferential to the trial court because the appellate court has only read the record and, unlike the trial court, does not see the impact of witnesses on the jury or observe the demeanor of witnesses. Id. The "interest of justice" may be based on the trial judge's evaluation of witnesses and weighing the evidence. Id. at 898. A new trial should routinely be granted where there was a miscarriage of justice or the weight of the evidence preponderates against the verdict. Id. "Miscarriage of justice" means the conviction of one who is actually innocent. *United States v. Wall*, 389 F.3d 457, 466 n.4 (5th Cir. 2004, citing *United States v. Olano*, 507 U.S. 725, 736 (1993).

## 2.   <u>GROUNDS FOR NEW TRIAL</u>

### A.   **Use of the "Deliberate Ignorance" or "Willful Blindness" Instruction Improperly Permitted the Jury to Convict on A Standard Less Than the Legal Requirement**

Over Defendant Uresti's objection, the Court gave an instruction explaining "Deliberate Ignorance," or "Willful Blindness." As a note accompanying Jury Pattern Instruction 1.37A, the 2015 Edition states, "The deliberate ignorance instruction "does not lessen the government's burden to show, beyond a reasonable doubt, that the knowledge elements of the crimes have been satisfied." *United States v. Reveles*, 190 F.3d 678, 686 (5th Cir. 1999)."

It is accepted-law that a willful blindness instruction should be given only in "rare circumstances" because the instruction presents the danger of allowing a jury to convict one based on an ex post facto theory (he should have been more careful) or to convict one on what amounts to a negligence theory (he should have known his conduct was illegal). *United States v. Lara-Velasquez*, 919 F.2d 946, 951 (5th Cir. 1990) (noting that the circumstances supporting the deliberate ignorance instructions are "rare"); and *United States v. Ruhe*, 191 F.3d 376, 385 (4th Cir. 1999) and *United States v. Mancuso*, 42 F.3d 836, 846 (4th Cir. 1994). In fact, even in the context of convictions for importing controlled substances, which is the key focus area for convictions involving so-called "willful blindness", the Fifth Circuit has recognized that a deliberate ignorance instruction is proper only if the defendant knew he was importing a controlled substance or he subjectively "believed" he was importing a controlled substance and through willful blindness failed to confirm that belief. *United States v. Restrepo-Granda*, 575 F.2d 524, 529 (5th Cir. 1978). No Fifth Circuit cases exist supporting use of the instruction in a case of this nature where there is no evidence that Senator Uresti either knew Stan Bates was stealing investor funds or even believed he was doing so, or took deliberate action to avoid knowing the fact. No evidence existed to support either conclusion in the subject trial.

The instruction is deemed inappropriate where there is no evidence that the defendant "deliberately avoided, or closed his eyes to" a crime. *U.S. v. Lighty*, 616 F.3d 321, 378 (4th Cir. 2010) (finding no evidence to support the instruction in a kidnapping and murder case where government argued that defendant was an active participant in a conspiracy to kidnap the victim by providing a car and phone that made commission of the crime possible from inception, and that without his aid, the crime would not have been feasible. The instruction is inappropriate because

the evidence did not suggest that defendant engaged in any "deliberate acts" to avoid actual knowledge of the crime).

Where a district court errs in giving a willful blindness instruction, the court is required to assess whether the error was harmless. In this context, harmless error exists where sufficient evidence exists in the record of actual knowledge on the defendant's part. *Mattingly v. United States*, 924 F.2d 785, 792 (8th Cir. 1991). Here, not only is there insufficient evidence of actual knowledge on the part of Sen. Uresti that Bates was in essence running an illegal Ponzi scheme, there is no evidence to support the Senator's subjective knowledge that investor funds were being stolen or misused. To the contrary, the only evidence before the jury was that Sen. Uresti, upon acquiring knowledge of a potential fraud and crime, acted reasonably by assisting the victim (Ms. Cantu) in hiring an attorney and disclosing known facts to the United States District Court and, ultimately, the FBI.

Sen. Uresti's concern about the instruction is whether the basis for the Jury's verdict was based on a collective belief that Sen. Uresti "should have known, or had to have known" about the fraudulent activity occurring at FourWinds Logistics in 2014 and 2015.

The criminal-law doctrine of "deliberate ignorance", or "willful blindness" has long been deemed a "strictly limited exception", and is an area that has long raised both legal and philosophical issues concerning the level of subjective conviction and objective evidence that constitutes knowledge. G. Williams, Criminal Law: *The General Part* § 57, at 159 (2d ed. 1961). A court may properly find willful blindness only where the evidence proves that the defendant had "subjective" knowledge or belief that there was a high probability that a fact existed, and that the defendant took some "deliberate action" to avoid learning of that fact. *Global-Tech Appliances,*

*Inc. v. SEB S.A.*, 563 U.S. 754, 2070 (2011).[1] The formulation of the instruction in Sen. Uresti's instance was not supported by factual evidence as to either subjective knowledge or "deliberate action", included a standard that in essence permitted conviction based on recklessness or negligence rather than knowledge, infringed on the legislature's province of defining criminal conduct, and violated Defendant's right to proof beyond a reasonable doubt of each element of the crimes charged.

For "Wire Fraud," charged in Counts 1, 2, 4, 5, and 6, Court's Instruction No. 24 required of the jury:

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt. . . that the defendant <u>knowingly devised or intended to devise</u> any scheme to defraud. . . that the defendant <u>acted with specific intent to defraud</u>. . . A "specific intent to defraud means a <u>conscious, knowing intent to deceive or cheat someone</u>. A defendant acts with intent to defraud when he <u>knowingly with the specific intent to deceive</u>. . . What must be proved beyond a reasonable doubt is that the <u>defendant knowingly devised or intended to devise a scheme to defraud</u>. . .

For "Conspiracy to Commit Wire Fraud," charged in Counts 3, and for "Conspiracy to Launder Monetary Instruments," charged in Count 8, Court's Instructions No. 24 and No. 27 required of the jury:

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved both of the following beyond a reasonable doubt. . . defendant <u>knew the unlawful purpose of the agreement</u> and <u>joined in it willfully</u>, that is, with the <u>intent to further the unlawful purpose</u>. . . <u>Mere presence</u> at the scene of an event, <u>even with knowledge</u> that a crime is being committed, or the mere fact that certain persons may have associated with each other,

---

[1]     *See*, *United States v. Hunter*, No. 14-31262, 5 (5th Cir. Oct. 23, 2015) (recognizing that the Fifth Circuit Pattern Instruction on "willful blindness" was consistent with the intent of the decision in Global-Tech, and that "willful blindness" must include proof that the defendant "subjectively believed" a high probability of a crime existed, and evidence that the defendant took "deliberate actions" to avoid learning of that fact). Here, the Government submitted <u>no evidence</u> that Sen. Uresti was an active or willing participant in the alleged Ponzi scheme or that Uresti too any "deliberate action" to dodge or avoid that knowledge.

and may have assembled together and discussed common aims and interests, <u>does not necessarily establish proof</u> of the existence of a conspiracy.  Also, <u>a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator</u>. . .

For " Engage in Monetary Transaction in Violation of Law", charged in Count 11, Court's

Instruction No. 26 required of the jury:

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt. . . the defendant <u>knew</u> that the monetary transaction involved criminally derived property. . . the defendant <u>knew</u> that the involved property was obtained or derived from the commission of a crime. . .

For "Securities Fraud," charged in Count 20, Court's Instruction No. 28 required of the

jury:

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt. . . the defendant acted willfully, knowingly, and with intent to defraud. . . before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused <u>deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime</u>. Of course, <u>mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient</u> to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator. . .

Overruling Defense objections, the Court read and sent with the jury Court's Instruction

No. 17, that states:

> You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would have otherwise been obvious to him.  While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

6

If the jurors' basis for arriving at their verdict accurately represent that the jury based the legal standard on the "should have known" theory by which the Government based its prosecution, as opposed to finding that the government proved that Carlos Uresti had knowledge, beyond a reason doubt - as the law mandates - this is in essence reverse jury nullification.

> Court's Instruction No. 2:
>> You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. It is also your duty to base your verdict solely upon the evidence, without prejudice. . .

A verdict reached by standards adverse to the Court's instructions amounts to one contrived by juror misconduct.

## B. The Court's Prejudicial Comments Were Highly Publicized, Creating Juror Bias

Throughout the more than four-week trial, a plethora of media reporters were present in the courtroom for each day, and coverage of the trial was undeniably pervasive on the internet, social media, televised news, and the radio; the Court acknowledged the high-profile nature of Carlos Uresti's trial on numerous occasions. Despite a daily repeated concern about jurors being exposed to the news, Judge Ezra made a multitude of public statements that appear to be heavily biased against the presumed innocence of Carlos Uresti, prior to the return of the jury verdict.

> i. San Antonio Express, January 17, 2018[2]
> During a hearing Wednesday on motions to exclude certain evidence from the trial, U.S. Senior District Judge David Alan Ezra

---

[2] Prosecutors: State Sen. Carlos Uresti hindered FBI investigation,
*https://www.mysanantonio.com/business/local/article/Prosecutors-Uresti-hindered-investigation-12504950.php*

referenced a document prosecutors filed under seal last month addressing a meeting between Uresti and Denise Cantu at his law office in the summer of 2016.

"Mr. Uresti allegedly encouraged Cantu not to cooperate with the FBI investigation," Ezra said, reading from the document that prosecutors filed under seal. "The evidence is proof of consciousness of guilt and an attempt by Mr. Uresti to hinder the investigation."

ii.   My Journal Courier, January 17, 2018[3]
"Mr. Uresti allegedly encouraged Cantu not to cooperate with the FBI investigation," Ezra said, reading from the document that prosecutors filed under seal. "The evidence is proof of consciousness of guilt and an attempt by Mr. Uresti to hinder the investigation."

iii.   Houston Chronicle, January 17, 2018[4]
During a hearing Wednesday on motions to exclude certain evidence from the trial, U.S. Senior District Judge David Alan Ezra referenced a document prosecutors filed under seal last month addressing a meeting between Uresti and Denise Cantu at his law office in the summer of 2016.

"Mr. Uresti allegedly encouraged Cantu not to cooperate with the FBI investigation," Ezra said, reading from the document that prosecutors filed under seal. "The evidence is proof of consciousness of guilt and an attempt by Mr. Uresti to hinder the investigation."

iv.   Texas Monitor, January 19, 2018[5]
Judge Ezra noted the two-sided defense.
"You're almost going to have to say, 'Well, we deny he slept with her on multiple occasions. However, if he did' (it was not prohibited). That really throws water on the denial," the judge said. Turned responded, "We're certainly not claiming that's the greatest argument."

"No, it isn't," Ezra said. "The jury could say … if he's really denying it, that he would deny it. He wouldn't be going to all this trouble to

---

[3] Prosecutors: State Sen. Carlos Uresti hindered FBI investigation,
*https://www.myjournalcourier.com/business/local/article/Prosecutors-Uresti-hindered-investigation-12504950.php*
[4] Prosecutors: State Sen. Carlos Uresti hindered FBI investigation,
*https://www.chron.com/business/local/article/Prosecutors-Uresti-hindered-investigation-12504950.php*
[5] Uresti fraud trial opens with talk of money and sex,
*https://texasmonitor.org/uresti-fraud-trial-opens-talk-money-sex/*

argue it was OK."

v.   San Antonio Express, February 7, 2018 6:12pm[6]

U.S. judge says 'telling evidence' against Uresti, denies request to
acquit Senior U.S District Judge David Ezra denied requests by
lawyers for state Sen. Carlos Uresti and co-defendant Gary Cain to
acquit the two men accused of defrauding investors, saying there
was "a lot of telling evidence" against Uresti.

vi.   News 4 San Antonio, February 7, 2018[7]

The judge denied Uresti's request for acquittal, saying the
government has proven their case, meaning the judge believes there
is sufficient evidence for a jury to convict should they decide to do
so.

vii.   San Antonio Express, February 7, 2018 7:18pm[8]
Senior U.S District Judge David Ezra denied requests by lawyers for
state Sen. Carlos Uresti and co-defendant Gary Cain to acquit the
two men accused of defrauding investors, saying there was "a lot of
telling evidence" against Uresti.

"We have a witness who said Mr. Uresti flat out said he put his own
money into" oilfield company FourWinds Logistics, Ezra said.
The judge also said there were documents that, if believed by a jury,
could find Uresti, as well as Cain, guilty beyond a reasonable doubt.
"I'm not saying the defendants are guilty," Ezra said. "It is up to the
jury to decide. But at this point, the government has presented
enough evidence."

viii.   San Francisco Gate, February 7, 2018[9]
Senior U.S District Judge David Ezra denied requests by lawyers for
state Sen. Carlos Uresti and co-defendant Gary Cain to acquit the
two men accused of defrauding investors, saying there was "a lot of
telling evidence" against Uresti.

ix.   MSN, February 8, 2018[10]

---

[6] U.S. judge says 'telling evidence' against Uresti, denies request to acquit,
*https://www.mysanantonio.com/business/local/article/Prosecutors-likely-will-wrap-up-case-against-12558222.php*
[7] Judge denies defense request for acquittal in Uresti trial,
*http://news4sanantonio.com/news/local/uresti-trial-judge-denies-defense-request-for-acquittal*
[8] U.S. judge says 'telling evidence' against Uresti, denies request to acquit,
*https://www.expressnews.com/business/local/article/Prosecutors-likely-will-wrap-up-case-against-12558221.php*
[9] U.S. judge says 'telling evidence' against Uresti, denies request to acquit,
*https://m.sfgate.com/business/local/article/Prosecutors-likely-will-wrap-up-case-against-12558222.php*
[10] U.S. judge says 'telling evidence' against Uresti, denies request to acquit,

U.S. judge says 'telling evidence' against Uresti, denies request to acquit Senior U.S District Judge David Ezra denied requests by lawyers for state Sen. Carlos Uresti and co-defendant Gary Cain to acquit the two men accused of defrauding investors, saying there was "a lot of telling evidence" against Uresti.

x.   San Antonio Current, February 8, 2018[11]
Ezra said the prosecution had already presented enough "telling evidence" against Uresti and Cain that, if believed by the jury, could find both men guilty.

"I'm not saying the defendants are guilty. It is up to the jury to decide. But at this point, the government has presented enough evidence," Ezra said, the Express-News reports.

xi.   San Antonio Express, February 12, 2018[12]
Senior U.S. District Judge David Ezra denied requests to acquit Uresti and Cain last week, saying there was "telling evidence" against Uresti.

xii.   San Antonio Express, February 13, 2018[13]
The cast of characters in state Sen. Carlos Uresti's fraud trial
THE JUDGE: Senior U.S. District Judge David Ezra
Refused to acquit Uresti and Cain, telling jurors that there was "telling evidence" against Uresti.

xiii.   San Francisco Chronicle, February 13, 2018[14]
Senior U.S. District Judge David Ezra: Refused to acquit Uresti and Cain, telling jurors that there was "telling evidence" against Uresti.

xiv.   Seattle PI, February 13, 2018[15]
Senior U.S. District Judge David Ezra: Refused to acquit Uresti and Cain, telling jurors that there was "telling evidence" against Uresti.

---

*https://www.msn.com/en-us/news/crime/us-judge-says-%E2%80%98telling-evidence%E2%80%99-against-uresti-denies-request-to-acquit/ar-BBIOVuy*
[11] Judge Refuses to Acquit Sen. Uresti Halfway Through Trial,
*https://www.sacurrent.com/the-daily/archives/2018/02/08/federal-judge-acquitting-sen-uresti*
[12] Uresti accused of taking 'blood money' as criminal trial enters week four,
*https://www.mysanantonio.com/business/local/article/Uresti-accused-of-taking-blood-money-as-12590574.php*
[13] The cast of characters in state Sen. Carlos Uresti's fraud trial,
*https://www.mysanantonio.com/business/local/carlos-uresti-trial/slideshow/Uresti-cast-of-characters-178483.php*
[14] The cast of characters in state Sen. Carlos Uresti's fraud trial,
*https://www.sfchronicle.com/business/local/carlos-uresti-trial/slideshow/Uresti-cast-of-characters-178483.php?ipid=artem#next*
[15] The cast of characters in state Sen. Carlos Uresti's fraud trial,
*https://www.seattlepi.com/business/local/carlos-uresti-trial/slideshow/Uresti-cast-of-characters-178483.php*

xv.   Beaumont Enterprise, February 13, 2018[16]
Senior U.S. District Judge David Ezra: Refused to acquit Uresti and Cain, telling jurors that there was "telling evidence" against Uresti.

xvi.   San Antonio Express, February 16, 2018[17]
Judge calls FourWinds 'a scam' in Uresti criminal trial, postpones closing arguments Defense attorneys wanted the jury to consider that at least some of the money generated by FourWinds Logistics, a startup oilfield company that Uresti and Cain were involved with, was legal or "clean."

The judge, who temporarily excused the jury before the discussion, rejected their request. Ezra said all of the money generated by FourWinds was "tainted" since the company's original setup by former CEO Stan Bates was fraudulent.

"The scheme began the day Mr. Bates set up this sham operation. And the fact that it made money doesn't detract from the fact that (the funds) were tainted," Ezra told the lawyers, reporters and other observers in the courtroom.

xvii.   San Antonio Express, February 17, 2018[18]
Ezra said all of the money generated by FourWinds was "tainted" since the company's original setup by former CEO Stan Bates was fraudulent.

"The scheme began the day Mr. Bates set up this sham operation. And the fact that it made money doesn't detract from the fact that (the funds) were tainted," Ezra told the lawyers, reporters and other observers in the courtroom.

The judge said FourWinds was "a scam from the get-go."

xviii.   San Antonio Express, February 17, 2018[19]
Senior U.S. District Judge David Ezra declined two requests to acquit the men, advising their lawyers while the jury was out of the courtroom that there was "telling evidence" against Uresti and that

[16] The cast of characters in state Sen. Carlos Uresti's fraud trial,
*https://www.beaumontenterprise.com/business/local/carlos-uresti-trial/slideshow/Uresti-cast-of-characters-178483.php*
[17] Judge calls FourWinds 'a scam' in Uresti criminal trial, postpones closing arguments,
*https://www.expressnews.com/business/local/article/Closing-arguments-in-Uresti-s-criminal-trial-12619489.php#photo-15092509*
[18] Judge calls FourWinds 'a scam' in Uresti criminal trial, postpones closing arguments,
*https://www.mysanantonio.com/business/local/article/Closing-arguments-in-Uresti-s-criminal-trial-12619487.php*
[19] Jury to decide Uresti, Cain's fates in criminal trial this week,
*https://www.expressnews.com/news/local/article/Jury-to-decide-Uresti-Cain-s-fates-in-criminal-12622062.php*

FourWinds Logistics was a "scam from the get-go."

xix.   The Texas Energy Report NewsClips, February 19, 2018[20]
Ezra said all of the money generated by FourWinds was "tainted"
since the company's original setup by former CEO Stan Bates was
fraudulent.

"The scheme began the day Mr. Bates set up this sham operation.
And the fact that it made money doesn't detract from the fact that
(the funds) were tainted," Ezra told the lawyers, reporters and other
observers in the courtroom.

xx.   Texas Tribune, February 20, 2018[21]
The government bore the burden of proving Uresti guilty beyond a
reasonable doubt.  Arguing that prosecutors had not met this
standard, the defense has asked U.S. District Judge David Ezra twice
this month to dismiss the case.

Ezra refused both times. He told attorneys there was "a lot of telling
evidence" against Uresti. The judge listened to most of the closing
arguments Tuesday reclined in his chair with his arms folded over
his chest.

The Sixth Amendment to the United States Constitution guarantees to a defendant accused

of a crime the right to a trial by unbiased, impartial jurors.  An impartial juror is someone capable

and willing to decide the case solely on the evidence presented at trial. "Because a defendant

charged with a crime has a right to the unanimous verdict of 12 impartial jurors [citation], it is

settled that a conviction cannot stand if even a single juror has been improperly influenced" *People

v. Holloway* (1990) 50 Cal.3d 1098, 1112.  A jury's verdict must be based upon the evidence

developed at the trial. (*Turner v. Louisiana* (1965) 379 U.S. 466, 472-473.) Juror misconduct

involving the receipt of extraneous information about a party or the case that was not part of the

---

[20] Judge calls FourWinds 'a scam' in Uresti criminal trial, postpones closing arguments,
*https://texasenergyreport.com/todays-clips/*
[21] Uresti's criminal fraud case heads to the jury,
*https://www.texastribune.org/2018/02/20/after-four-weeks-state-sen-carlos-urestis-criminal-fraud-case-heads-ju/*

evidence received at trial creates a presumption that the defendant was prejudiced by the evidence and may establish juror bias. (*Nesler*, supra, 16 Cal.4th at p. 578.)

### C. Erroneous Disqualification of Mikal Watts As Carlos Uresti's Chosen Counsel Requires New Trial or Reversal

The Government filed a Motion to Disqualify Mikal Watts as Carlos Uresti's chosen counsel on May 25, 2017 (Doc. 31). Following two hearings on June 30, 2017 (Doc. 64) and on July 10, 2017 (Doc. 68), Magistrate Judge Bemporad entered an order granting the motion to disqualify Watts (Doc. 69).

The United States Supreme Court has held that reversal is mandatory when a criminal defendant's counsel is erroneously disqualified. *U.S. v. Gonzalez-Lopez*, 549 U.S. 140, 146 (2006).

Carlos Uresti thoroughly briefed this topic before the Court in his (a) Response in Opposition on May 26, 2017 (Doc. 34); (b) Motion to Strike the Government's Reply to Uresti's Response to its Motion to Disqualify his Chosen Counsel on June 1, 2017 (Doc. 44); (c) Supplemental Memorandum in Opposition to Motion to Disqualify on July 10, 2017 (Doc. 67); and (d) Appeal of Order Disqualifying His Defense Counsel on August 7, 2017 (Doc. 77).

### D. The Court's Jury Instructions Relating to Count 22 Were Contrary to Legal Standards

Court's Instruction No. 29, instructed the jury about Count 22, alleging unlawful violation of acting as an "Unregistered Securities Broker:"

> Title 15, United States Code, Section 78o(a)1, makes it unlawful for any broker to make use of the mails or any means or instrumentality of interstate commerce to affect any transactions in, or to induce or attempt to induce the purchase or sale of, any security unless such broker is registered with the Securities and Exchange Commission.

The Court erred in its decision to instruct the jury based on a discontinuous quotation of the U.S. Code by which Carlos Uresti was indicted. The entirety of the statute reads:

Registration and Regulation of Brokers and Dealers
Section 15. [78o] (a)(1) It shall be unlawful for any broker or dealer
which is either a person other than a natural person or a natural
person not associated with a broker or dealer which is a person other
than a natural person (other than such a broker or dealer whose
business is exclusively intrastate and who does not make use of any
facility of a national securities exchange) to make use of the mails
or any means or instrumentality of interstate commerce to effect any
transactions in, or to induce or attempt to in- duce the purchase or
sale of, any security (other than an exempted security or commercial
paper, bankers' acceptances, or commercial bills) unless such broker
or dealer is registered in accordance with subsection (b) of this
section.

The language proposed by Carlos Uresti before the Court, "other than such a broker or

dealer whose business is exclusively intrastate and who does not make use of any facility of a

national securities exchange," is found in the language of the statute, not as an exception.  It is

therefore an element of the government's required proof.  The Government has the burden of proof,

as this requirement is in the statute itself, as opposed to one of the exemptions later listed in Court's

Instruction No. 29, which would be an affirmative defense upon which Carlos Uresti would have

the burden of proof.  The Court's ruling against the inclusion of language in the statute, precluded

the jury from being correctly instructed upon the entirety of the Government's burden of proof in

the charge alleged in Count 22.

### E.   The Court's Jury Instruction No. 26, Relating to Count 11, Were Contrary to Legal Standards

Defendant Uresti adopts and incorporates by reference all arguments made by Gary Cain

in his Motion for Judgement of Acquittal (Doc. 327), including the fact that a new trial is warranted

due to the Government's failure to meet their burden of proof in demonstrating that the $40,000

deposited by Mr. Uresti from FWL's operational account on June 26, 2014 were "tainted" funds.

(A) No reasonable juror could convict Mr. Uresti for Engaging in Monetary Transactions in

Property Derived from Specified Unlawful Activity, and Conspiracy to Launder Monetary

14

Instruments, where no credible evidence demonstrated that Mr. Uresti knew that the money he received from Four Winds, LLC's ("FWL") was derived from a "specified criminal activity," and (B) no credible evidence supported the Government's claim that the withdrawal funds were derived from a "specified criminal activity."

## **CONCLUSION**

Based on the foregoing, Carlos Uresti prays this Court grant a new trial in the interest of justice pursuant to Federal Rule of Criminal Procedure 33.

Dated: 8 March 2018

                                            Respectfully submitted,

By:    */s/ Tab Turner*
        Tab Turner
        TURNER & ASSOCIATES, P.A.
        4705 Somers Ave.
        Suite 100
        North Little Rock, AR 72116
        Telephone:  (501) 791-2277
        Facsimile:  (501) 791-1251
        Email: tab@tturner.com

        Michael McCrum
        MCCRUM LAW OFFICE
        404 E. Ramsey, Suite 102
        San Antonio, TX 78216
        Telephone:  (210) 225-2285
        Facsimile:  (210) 225-7945
        Email:  michael@mccrumlegal.com

        Darrell L. Barger
        HARTLINE DACUS BARGER DREYER LLP
        1980 Post Oak Blvd., Suite 1800
        Houston, TX 77056
        Telephone:  (713) 759-1990

Facsimile:   (713) 652-2419
Email: dbarger@hdbdlaw.com

ATTORNEYS FOR DEFENDANT
CARLOS URESTI

## CERTIFICATE OF SERVICE

  I hereby certify that on 8 March 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

       By:  */s/ Tab Turner*
           Tab Turner